**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL WOODS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24-cv-11212 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO HEIGHTS, | ) | |
| MOHAMMAD MATARIYEH (# 167), | ) | |
| WILLIAM BULANDA (# 120), | ) | Plaintiff Requests Trial by Jury |
| DANIEL SURILLO (# 101), and | ) | |
| MAX NORDSTROM (# 153) | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, DANIEL WOODS, by and through his attorney, the Law Office of Sean Brown, LLC, for his Complaint against Defendants, CITY OF CHICAGO HEIGHTS, MOHAMMAD MATARIYEH (# 167), WILLIAM BULANDA (# 120), DANIEL SURILLO (# 101), and MAX NORDSTROM (# 153), alleges as follows:

## PARTIES

1. Plaintiff DANIEL WOODS (hereinafter "WOODS") is a resident of Chicago, Cook County, Illinois.
2. Defendant CITY OF CHICAGO HEIGHTS is a municipal corporation incorporated under the laws of the State of Illinois.
3. Defendant MOHAMMAD MATARIYEH (# 167), is a CITY OF CHICAGO HEIGHTS police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO HEIGHTS Police Department. This defendant is being sued in his individual capacity.

4. Defendant WILLIAM BULANDA (# 120), is a CITY OF CHICAGO HEIGHTS police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO HEIGHTS Police Department. This defendant is being sued in his individual capacity.
5. Defendant DANIEL SURILLO (# 101) is a CITY OF CHICAGO HEIGHTS police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO HEIGHTS Police Department. This defendant is being sued in his individual capacity.
6. Defendant MAX NORDSTROM (# 153) is a CITY OF CHICAGO HEIGHTS police officer who, at all pertinent times, was acting under color of state law and as the employee, agent, and representative of the CITY OF CHICAGO HEIGHTS Police Department. This defendant is being sued in his individual capacity.

**JURISDICTION AND VENUE**

7. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983].
8. This Court has subject matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. Sections 1331 and 1343(a).
9. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Section 1367.
10. This Court has personal jurisdiction over defendants as they are residents of Illinois, and all actions complained of herein occurred in Illinois.
11. Venue is proper in this District because all the conduct complained of occurred in this district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. On or about June 15, 2021, WOODS was seized and searched by Defendants MOHAMMAD MATARIYEH (# 167), WILLIAM BULANDA (# 120), DANIEL SURILLO (# 101), and MAX NORDSTROM (# 153) (hereinafter "Defendant Police Officers") at or near 113 West Joe Orr Rd, in Chicago Heights, County of Cook, State of Illinois.
13. On said date, Defendant Police Officers responded to an anonymous call to do a well-being check on WOODS, who was asleep in a gold Toyota that was parked in a strip mall parking lot.
14. Defendant Police Officers awakened WOODS by knocking on the window and then ordered him out of the vehicle.
15. WOODS was the only occupant in the vehicle, and he refused to exit.
16. WOODS informed the Defendant Police Officers that he was fine and did not need medical treatment.
17. Defendant Police Officers repeatedly ordered WOODS to exit the vehicle, but WOODS declined.
18. Defendant Police Officers spoke to WOODS for approximately 15 minutes, and then Defendant Police Officers unlawfully used physical force to remove WOODS from the vehicle --thereby, seizing and searching WOODS without probable cause.
19. At the time of the seizure, Defendant Police Officers did not have an arrest warrant nor probable cause to arrest WOODS.
20. At said time, the Defendant Police Officers detained WOODS without a reasonable belief that WOODS posed a threat to them, or that he had committed, was committing, or was about to commit a crime.

21. Defendant Police Officers illegally seized WOODS for refusing to exit the vehicle.
22. Defendant Police Officers illegally searched WOODS and his vehicle for refusing to exit.
23. Defendant Police Officers knew that they lacked probable cause to arrest WOODS.
24. Defendant Police Officers initiated charges against WOODS and caused the charges to be continued for 16 months.
25. During the pendency of that case, the trial court set bail for WOODS at $100,000 with a 10% deposit for his release.
26. WOODS was unable to post $10,000 for his release, so he was continuously detained in Cook County Jail from June 15, 2021 until October 31, 2022 because of the Defendant Police Officers' actions.
27. Defendant Police Officers testified against WOODS at the hearing for the motion to suppress evidence, and, on October 31, 2022, the trial court held the Defendant Police Officers did not have probable cause to arrest WOODS.
28. Immediately following the hearing, the matter was resolved in Defendant's favor when the Cook County State's Attorney's Office dismissed the charges against WOODS.
29. As a result of the Defendant Police Officers' unreasonable search and seizure, Defendant Police Officers caused WOODS to be arrested and charged with the offense of Armed Habitual Criminal – a non-probationable offense that, if convicted, carries a minimum penalty of six years imprisonment and a maximum penalty of thirty years imprisonment.
30. As a result of the Defendant Police Officers' actions, they caused WOODS great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, imprisonment and other consequential damages.
31. Defendants' aforementioned acts were willful, wanton, malicious, and done with reckless indifference to and/or callous disregard for the rights of WOODS and justify the awarding

of significant damages in an amount to be ascertained according to proof at the time of trial.

32. By reason of Defendants' above-described acts, WOODS requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, The Equal Access to Justice Act, or any other provision set by law.

**-FEDERAL CLAIMS AGAINST-**
**DEFENDANT POLICE OFFICERS**

**COUNT I – 42 U.S.C. § 1983**
**MALICIOUS PROSECUTION**

33. Plaintiff realleges and incorporates herein by reference paragraphs one to thirty-two (1-32) as if set forth in full herein.

34. As stated above, Defendant Police Officers caused criminal proceedings against WOODS to be commenced with malice, for reasons other than bringing him to justice, and without having probable cause to commence a prosecution.

35. Plaintiff was deprived of liberty from June 15, 2021 until the case was terminated in his favor on October 31, 2022 when the State's Attorney's Office dismissed the charges.

36. As a proximate result of Defendant Police Officers' illegal and malicious conduct, WOODS suffered injuries including pain and suffering, emotional distress, mental anguish, and financial loss.

**-STATE SUPPLEMENTAL CLAIMS AGAINST-**
**DEFENDANT POLICE OFFICERS**

**COUNT II: MALICIOUS PROSECUTION**

37. Plaintiff realleges and incorporates herein by reference paragraphs one to thirty-six (1-36) as if set forth in full herein.

38. By the actions detailed above, the Defendant Police Officers knowingly sought to and did in fact maliciously prosecute WOODS on charges for which they knew there was no probable cause from June 15, 2021, to October 31, 2022.

39. In the manner described above, the Defendant Police Officers, individually, jointly, and/or in conspiracy with one another, and others unknown, as well as within the scope of their employment, fabricated a basis for arresting WOODS.

40. The Defendant Police Officers unreasonably accused WOODS of criminal activity and exerted influence to initiate, to continue, and to perpetuate judicial proceedings against WOODS without any probable cause for doing so.

41. The Defendant Police Officers caused WOODS to be subjected improperly to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury.

42. The judicial proceedings against WOODS were terminated in his favor when the Cook County State's Attorney dismissed the charges against WOODS after the trial court found the officers did not have probable cause for the arrest.

43. As a result of the Defendants' misconduct described in this Count, WOODS suffered loss of liberty, great mental anguish, humiliation, degradation, physical and emotional pain and suffering, exposure to public scandal and disgrace, damage to his reputation, embarrassment, and other grievous and continuing injuries and damages as set forth above.

**-STATE SUPPLEMENTAL CLAIMS AGAINST-**
**CITY OF CHICAGO HEIGHTS**

**COUNT III: STATUTORY LIABILITY under 745 ILCS 10/9-102**

44. Plaintiff realleges and incorporates herein by reference paragraphs one to forty-three (1-43) as if set forth in full herein.

45. Pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO HEIGHTS is empowered and directed to pay any judgment for compensatory damages (and any associated attorneys' fees and costs) for which an employee police officer, acting within the scope of his employment, is found liable.

46. Defendant CITY OF CHICAGO HEIGHTS was, at all times relevant to this action, the employer of Defendant Police Officers.

47. The acts and/or omissions of the Defendant Police Officers alleged in this Complaint were committed in the course and within the scope of their employment.

48. As a result, if a judgment for compensatory damages is entered against one or more of the defendant officers, the CITY OF CHICAGO HEIGHTS must pay the judgment as well as the associated attorneys' fees and costs.

**COUNT IV: RESPONDEAT SUPERIOR**

49. Plaintiff realleges and incorporates herein by reference paragraphs one to forty-eight (1-48) as if set forth in full herein.

50. Defendant Police Officers were, at all times relevant to this action, employees, and agents of the Defendant CITY OF CHICAGO HEIGHTS.

51. Each of the Defendant Police Officers were acting within the scope of his employment when he engaged in the actions described in this complaint.

52. Therefore, all the individual defendants' acts and omissions are directly chargeable to the CITY OF CHICAGO HEIGHTS pursuant to the doctrine of Respondeat Superior.

**WHEREFORE**, Plaintiff WOODS respectfully requests:

A. That he be awarded compensatory damages in an amount to be determined at trial to compensate his for mental anguish, humiliation, degradation, physical and emotional pain

and suffering, inconvenience, lost wages and benefits, medical bills, future pecuniary losses, and other consequential damages;

B. That Defendants be required to pay prejudgment interest to Plaintiff on these damages;

C. That Plaintiff be awarded reasonable attorneys' fees, costs, and litigation expenses; and

D. For such other relief as the Court may deem just or equitable.

RESPECTFULLY SUBMITTED,

/s/ *Sean Brown*

Sean Brown
Plaintiff's Attorney
The Law Office of Sean Brown, LLC
111 W. Jackson Blvd, Suite 1700
Chicago, IL 60604
Tel: 312-675-6116
Fax: 312-604-7495
attorneyseanbrown@gmail.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of the foregoing Complaint will be served upon the following, or an agent thereof, via personal delivery by an individual over the age of 18 who is not a party to this action, and that a notice certifying the same will be filed upon service.

City of Chicago Heights
c/o David Gonzalez, Mayor
1601 Chicago Road
Chicago Heights, IL 60411

Mohammad Matariyeh, # 167
Chicago Heights Police Department
1601 S Halsted St, Chicago Heights, IL 60411

William Bulanda, # 120
Chicago Heights Police Department
1601 S Halsted St, Chicago Heights, IL 60411

Max Norstrom, # 153
Chicago Heights Police Department
1601 S Halsted St, Chicago Heights, IL 60411

Daniel Surillo, # 101
Chicago Heights Police Department
1601 S Halsted St, Chicago Heights, IL 60411

/s/ *Sean Brown*
Sean Brown
Attorney for Plaintiff